# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED C. LOLLIS and ROSEMARY A. LOLLIS, | )<br>)<br>) Case No. 15-CV-247-JED-FHM |
| Plaintiffs, | ) |
| v. | ) |
| CPS/DHS; CHILD WELFARE SERVICE, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are the plaintiffs' Complaint (Doc. 1) and Motion for Leave to Proceed In Forma Pauperis (Doc. 2). The plaintiffs, proceeding pro se, initiated this case against "CPS/DHS" and "Child Welfare Service." (Doc. 1). Plaintiffs allege a "failure to make sure the workers don't infringe of [sic] the rights of the parents & kids," "failure to have workers prove allegations," "conspiracy to kidnap kids," and "failure to give us a 72 hr [sic] shelter hearing." (Doc. 1 at 1-2).[1] They also contend that "the CPS/DHS system needs to be reformed and investigated." (*Id.* at 2).

Plaintiffs seek to commence the action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit ... without prepayment of fees ... by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the

---

[1] Plaintiffs have filed 13 separate lawsuits in this District against numerous individuals and entities, all relating generally to their assertions that their children were improperly removed after some form of complaint asserting domestic violence or child abuse was lodged. Other of those actions, pending before other judges, have been dismissed for lack of subject matter jurisdiction. *See Lollis v. Kunzweiler et al.*, No. 15-CV-245-CVE-PJC (Doc. 3); *Lollis v. State of Okla. et al.*, No. 15-CV-246-GKF-TLW (Doc. 3); *Lollis v. Judge Doris Fransein et al.*, No. 15-CV-280-TCK-PJC (Doc. 3).

person is unable to pay such fees." Despite the statute's reference to "prisoner," it applies to all persons who apply for in forma pauperis status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013). In enacting § 1915(a), Congress intended to provide indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent frivolous filings, the statute authorizes a court to sua sponte dismiss a case filed in forma pauperis where the action is frivolous or malicious, the plaintiffs have failed to state a claim upon which relief can be granted, the defendant is entitled to immunity, or the plaintiff has included false allegations of poverty. *See* 28 U.S.C. § 1915(e)(2); *Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000).

While pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Plaintiffs assert that the Court has jurisdiction pursuant to 42 U.S.C. § 1983. That statute does not provide an independent basis for subject matter jurisdiction. To the extent that plaintiffs are attempting to allege a claim for violation of their federal constitutional rights, such claim could support the exercise of federal question jurisdiction under 28 U.S.C. § 1331. However, plaintiffs' allegations in this case do not state a colorable claim under 42 U.S.C. § 1983. While they assert generally that their civil rights were violated (*see* Doc. 1 at 1), the Complaint contains no factual allegations that would support maintenance of a claim under § 1983. At best, the allegations may support some assertion of negligence or a violation of a 72 hour notice provision, both of which implicate only state law.[2]

Construing the Complaint in this case liberally in light of plaintiffs' pro se status, the allegations do not state a colorable claim under § 1983. As a result, the Court lacks subject matter jurisdiction over this case. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513, n.10 (2006) (federal court cannot exercise federal question jurisdiction over a case absent a colorable claim arising under federal law). The plaintiffs' claims should be dismissed pursuant to § 1915(e)(2).

IT IS THEREFORE ORDERED that plaintiffs' claims are dismissed without prejudice. Plaintiffs' Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is denied as moot.

ORDERED this 9th day of June, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that plaintiffs are asserting some claim arising under state law, the Court declines to exercise supplemental jurisdiction over any state law claims the plaintiffs may have. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.") (quoting *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998)).